IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER JONES, § | |
|       PLAINTIFF, § | |
| § | |
| V. § | CIVIL NO. 3:22-CV-2190-M-BK |
| § | |
| CRYSTAL PAYTON, ET AL., § | |
|       DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.  BACKGROUND

On October 19, 2022, Plaintiff Peter Jones filed a *pro se Criminal Complaint and Order of Protection* against Crystal L. Payton, the mother of his two children. Doc. 3 at 1. In the *First Amended Criminal Complaint and Order of Protection* (the controlling complaint), Jones alleges violations of six criminal statutes: (1) Tex. Pen. Code § 25.03(a)(1) (Interference with Child Custody); (2) Tex. Pen. Code § 25.04 (Enticing a Child); (3) Tex. Pen. Code §§ 37.02 and 37.03 (Perjury and Aggravated Perjury); and (4) Tex. Pen. Code §§ 42.07 and 42.072 (Harassment and Stalking). Doc. 8 at 1-8.

The *Amended Complaint* is disjointed, and the allegations are largely nonsensical. As best as the Court can glean, Jones attempts to bring criminal charges against Payton and other

individuals relating to child custody and other parenting matters.  He appends a lengthy list of proposed defendants, including, two police departments, various state judges, Child Protective Services ("CPS"), the Department of Family and Protective Services ("DFPS"), the Garland City Attorney, the Ellis County District Clerk, the Offices of the Texas Attorney General and Governor, and the Commission on Judicial Conduct ("CJC").  Doc 8 at 1, 11-12.[1]  Jones also attempts to assert a *qui tam* claim under the False Claim Act on behalf of the United States.  *See* Doc. 8 at 1 (naming the United States as a plaintiff); Doc. 8 at 8 (alleging "standing in a Qui Tam action brought pursuant to the 'false claims act' 'Lincoln Law'" and 'whistle blower' protections").

As factual basis for the alleged criminal violations, Jones recites a litany of events that spanned several years and eventually resulted in CPS/DFPS proceedings in Ellis County, Texas, and a misdemeanor charge of domestic violence against Jones in Garland, Texas.  Doc. 8 at 1-8; Doc. 8 at 2, 6, 8 (misdemeanor charge); Doc. 8 at 14 (CPS/DFPS case).  Jones avers that the misdemeanor charge remains pending and that it was filed as a result of perjured statements by Payton and two Garland police officers.  Doc. 8 at 4-6.

Jones seeks wide-ranging relief, including (1) dismissal of the misdemeanor charge of domestic violence, (2) filing of a "Qui Tam action" under the "false claim act" and "Lincoln Law," (3) an order of protection and restraint against Payton, (4) removal to federal court of the CPS/DFPS case; (5) an order requiring Payton to undergo a mental examination and prohibiting her from interfering with Jones' custody rights; and (6) an order restoring Jones' rights to bear arms, which were "removed by the defendants false claims" in the misdemeanor case.  Doc. 8 at

---

[1] The docket sheet includes only a sample of the defendants identified in the supplemental list.

8-9. Jones also seeks monetary relief against (a) the State of Texas, CPS, DFPS, the state judges, and the CJC, and (b) attorney Derek Allen Torres for engaging in "deceptive trade practices" and criminal law violations, and City Attorney Mark Mann for unlawfully requiring him to pay bail in the misdemeanor case. Doc. 8 at 9.[2]

In the *Civil Cover Sheet*, Jones checks the boxes for federal question as the jurisdictional basis and prisoner civil rights for the nature suit. Doc. 3 at 6. For the cause of action, he cites 28 U.S.C. § 1446 and describes the case as a "complaint & petition for guardianship." *Id.*

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[3]

## II.   ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between

---

[2] Jones also seeks monetary relief under 42 U.S.C. § 1983 on behalf of his minor children. Doc. 8 at 8. As a *pro se* litigant, however, Jones cannot represent his minor children and must retain a licensed attorney to prosecute their claims. *See Sprague v. Dep't of Fam. & Prot. Servs.,* 547 F. App'x. 507, 508 (5th Cir. Nov. 15, 2013) (per curiam) (holding right to proceed *pro se* in federal court does not give non-lawyer parent the right to represent their children in legal proceedings).

[3] This is the second action that Jones files related to divorce and custody matters over which the Court lacks subject matter jurisdiction. *See Jones v. Anastacio*, No. 3:22-CV-02175-D-BN (N.D. Tex. filed Sep. 30, 2022) (magistrate judge's dismissal recommendation pending).

parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Jones' amended complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Jones has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support a substantial question of federal law. Thus, Plaintiff fails to meet his burden of establishing federal jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."); *Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citations omitted)).

### A. Request to File Criminal Charges

To the extent Jones seeks to file a criminal complaint alleging criminal law violations in this Court, his request lacks any legal basis and, thus, cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Jones has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

### B. Request to Dismiss State Criminal Charge

Second, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971). For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

Insofar as Jones seeks an order dismissing his pending misdemeanor charge, the *Younger* abstention requirements are met here. What Jones requests this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Jones can raise his claims—including any constitutional challenges—in the state trial court. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, the Court should abstain from exercising jurisdiction over Jones' challenge of the misdemeanor prosecution. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims relating to pending criminal prosecution).

### C. Custody and Reconsideration of Custody Orders

To the extent Jones' allegations may be read as seeking custody of his minor children or reconsideration by the Court of state court-issued decrees related to custody or support orders, the narrow domestic-relations exception to federal jurisdiction may also apply. *See Escalante v. Lidge*, 34 F.4th 486, 491-92 (5th Cir. 2022) ("[T]he domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." (citations omitted)); *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987) (explaining that "[i]f the federal court must determine which parent should receive custody, what rights the noncustodial parent

should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case" pursuant to the domestic relations exception).

### D. Remaining Claims Do not Support Subject Matter Jurisdiction

Jones seeks to plead a *qui tam* claim under the False Claims Act. Doc. 8 at 5, 8 (citing 31 U.S.C. § 3729, *et seq.*). But the False Claims Act is a federal anti-fraud statute that prohibits the knowing submission of false or fraudulent claims for payment to the federal government. *See Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp. 2d 993, 1016 (N.D. Tex. 2013). Here, Jones does *not* complain that the Defendants presented a false or fraudulent claim for payment to the United States. Rather he contends that his misdemeanor charge was false. *See* Doc. 8 at 5. He also vaguely asserts an ambiguous "whistle blower" claim. Doc. 8 at 8. That notwithstanding, as a *pro se* litigant, Jones cannot proceed as a relator in a False Claims Act "*qui tam*" action on behalf of the United States. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93-94 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); *see also Nuttall v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-3342-M-BK, 2022 WL 3582777, at *2 (N.D. Tex. June 3, 2022) (same). Thus, the Court lacks jurisdiction over Jones' *qui tam* claim.[4]

Relatedly, Jones ambiguous complaints of due process violations do not establish jurisdiction in the Court. He fleetingly mentions that (1) Payton's second criminal "offense

---

[4] Further, Jones has failed to comply with the procedural requirements a private party must follow to pursue a *qui tam* action on behalf of the federal government. *See* 31 U.S.C. § 3730(b); *Henderson*, 974 F. Supp. 2d at 1016 (finding that the plaintiffs' complete failure to follow the procedures outlined in § 3730(b) provided another basis for dismissal albeit not on jurisdictional grounds).

violated [his] XIVth Amendment substantive 'due process' constitutional rights," Doc. 8 at 4, and (2) the events leading to the filing of the misdemeanor charge violated his "XIVth amendment 'due process' . . . rights to directing the care, upbringing, and education of the plaintiff's children," Doc. 8 at 6.  However, the mere mention of a federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction.  Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Also, since the amended complaint does not present a sufficient basis for federal question jurisdiction and Jones does not rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over his state law claims, if any.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Accordingly, this action should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.   LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'"

*Id.* Here, the facts as alleged by Jones in his amended complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 28, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).